IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39150-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY EDWARD NATION, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — In August 2022, Timothy Nation was convicted of custodial assault and, among other sanctions, was ordered to pay a $500 victim penalty assessment (VPA). Because Mr. Nation was found indigent, we remand for the trial court to strike the VPA.

BACKGROUND

The facts underlying Mr. Nation's conviction are largely irrelevant to this appeal. In short, Mr. Nation was charged with custodial assault following an incident that

occurred in the Benton County Jail. At the conclusion of a two-day trial, Mr. Nation was convicted and later sentenced to three months of incarceration and ordered to pay a $500 VPA. During sentencing, defense counsel's assertion of Mr. Nation's struggles with homelessness went undisputed.

Mr. Nation appeals the $500 VPA.

## ANALYSIS

Formerly, RCW 7.68.035(1)(a) (2018) required the imposition of a VPA on any adult found guilty of a crime in superior court. Effective July 1, 2023, RCW 7.68.035 was amended to prohibit a trial court from imposing a VPA on a defendant found indigent as defined in RCW 10.01.160(3). *See* LAWS OF 2023, ch. 449, §§ 1, 4. Amendments to statutes that impose costs upon convictions apply prospectively to cases pending on appeal. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

Because Mr. Nation's case is pending on direct appeal, the amendment to RCW 7.68.035 applies. While the trial court did not explicitly find Mr. Nation indigent, defense counsel's assertion of Mr. Nation's history of homelessness was undisputed. Further, Mr. Nation was found to be indigent for purposes of this appeal, with the order acknowledging that his indigency status had not changed since his trial.

No. 39150-7-III
*State v. Nation*

We remand for the trial court to strike the $500 VPA from Mr. Nation's judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Staab, J.